**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 05-4780**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HECTOR MANUEL HERNANDEZ,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (CR-03-20)

─────────

Submitted: December 18, 2006          Decided: January 8, 2007

─────────

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

James M. Ayers, II, AYERS, HAIDT & TRABUCCO, P.A., New Bern, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hector Manuel Hernandez was convicted after a jury trial of conspiring to obstruct and delay interstate commerce by robbery, in violation of 18 U.S.C. § 1951 (2000) (Count One); aiding and abetting the obstruction and delay of interstate commerce, in violation of 18 U.S.C. §§ 1951, 2 (2000) (Count Ten); using, carrying, and brandishing firearms during and in relation to a crime of violence, and aiding and abetting that crime, in violation of 18 U.S.C.A. §§ 924(c), 2 (West 2000 & Supp. 2006) (Count Eleven); and possessing firearms and aiding and abetting the possession of firearms while being an alien illegally in the United States, in violation of 18 U.S.C. §§ 922(g)(5), 2 (2000) (Count Twelve). He was sentenced to concurrent seventy-one-month terms of imprisonment on Counts One, Ten, and Twelve, and a consecutive eighty-four-month sentence on Count Eleven, followed by five years of supervised release. The district court also imposed a $5400 fine.

Hernandez has appealed. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he found no meritorious issues for appeal, but seeking review of a district court ruling granting the Government's motion in limine limiting cross-examination of one witness. Hernandez was informed of his right to file a pro se supplemental brief, and has done so.

Counsel asserts that the district court's grant of the Government's motion in limine prohibiting him from impeaching the officer who handled the evidence in this case regarding his discharge from the Lumberton Police Department violated his Sixth Amendment right to confrontation. We review the denial of a motion in limine for abuse of discretion. See United States v. White, 405 F.3d 208, 212 (4th Cir.) ("We review rulings concerning the admission of evidence for abuse of discretion."), cert. denied, 126 S. Ct. 668 (2005); Malone v. Microdyne Corp., 26 F.3d 471, 480 (4th Cir. 1994) (reviewing ruling on motion in limine for abuse of discretion).

The Confrontation Clause guarantees the accused the right to cross-examine witnesses. U.S. Const. amend. VI; United States v. Smith, 451 F.3d 209, 221 (4th Cir.) ("[T]he right of cross examination is a precious one, essential to a fair trial.") (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. (2006). Thus, "a trial court should accord a criminal defendant a reasonable opportunity to conduct cross-examination that might undermine a witness's testimony." Smith, 451 F.3d at 221. However, the Confrontation Clause does not guarantee counsel the right to unfettered, unlimited cross-examination, nor does it prevent a trial judge from imposing reasonable limits on cross-examination based upon concerns about harassment, prejudice, confusion of the issues, witness safety, repetition, or relevance.

Id. (citing Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986), and Fed. R. Evid. 403).

The appraisal of the probative and prejudicial value of evidence is entrusted to the sound discretion of the trial court and its appraisal, absent extraordinary circumstances, will not be disturbed. See United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990). We have reviewed the district court's ruling, and find that its limitation of cross-examination in this case did not constitute an abuse of discretion. Therefore, this claim entitles Hernandez to no relief.

We have reviewed the issue raised in Hernandez's pro se supplemental brief, and find that it lacks merit. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Hernandez's conviction and sentence. This court requires that counsel inform Hernandez, in writing, of the right to petition the Supreme Court of the United States for further review. If Hernandez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hernandez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.